UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL A. LANGE,

    Petitioner,

v.                                          CASE NO. 6:09-cv-03-Orl-31KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 16). Petitioner filed a reply to the response (Doc. No. 18), after which the Court directed Respondents to file a supplemental response, addressing the merits of Petitioner's claims. (Doc. No. 19.) Respondents filed a supplemental response (Doc. No. 10, and Petitioner filed a reply to the supplemental response (Doc. No. 23).

Petitioner alleges two claims for relief in his habeas petition: (1) his sentence violates the Ex Post Facto Clause and his due process rights, and (2) his conviction violates the Double Jeopardy Clause. For the following reasons, the Court concludes that claim two

is procedurally barred and otherwise without merit and that additional briefing is required as to claim one.

I.    *Procedural History*

Petitioner was charged by information in case number 86-CF-5005 with armed burglary of a dwelling, attempted sexual battery, and aggravated assault and in case number 86-CF-5131 with sexual battery, armed burglary of a dwelling, and second degree grand theft.  Petitioner entered a plea of no contest as charged in both cases.  The state trial court sentenced Petitioner to concurrent fifteen-year terms of imprisonment in both cases to be followed by fifteen years of probation.  Petitioner completed his term of imprisonment and was released from prison.

Thereafter, Petitioner was charged with four separate violations of probation ('VOP"), and in 2006, he was charged a fifth time with violation of probation.  Petitioner entered a plea of no contest to the violation of probation.  The state court imposed a forty-year term of imprisonment to be followed by ten years of probation.  Petitioner appealed.

While his appeal was pending, Petitioner filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentence.  The state court granted Petitioner's Rule 3.800(b)(2) motion and amended his sentence by striking the probation portion of the sentence.  The Fifth District Court of Appeal of Florida subsequently affirmed Petitioner's conviction and sentence *per curiam*.

II.   *Legal Standards*

A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

*B.*     *Exhaustion and Procedural Default*

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (I)   there is an absence of available State corrective process; or
>
>         (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id.* at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the

5

> petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.*; *see also Henderson*, 353 F.3d at 898 n.25 ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*

*v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

### III.   Analysis

Petitioner alleges two claims for relief in his habeas petition related to the VOP: (1) his sentence violates the Ex Post Facto Clause of the Constitution and his right to due process, and (2) his conviction violates the Double Jeopardy Clause of the Constitution. Respondents assert that Petitioner's claims are procedurally barred from review. In support of their argument, Respondents contend that Petitioner waived any claim that arose prior to his plea because he failed to reserve the right to appeal any issue. Respondents further argue that pursuant to Florida law, Petitioner had to object to an ex post facto violation at the time of the plea or he had to raise the claim in a Florida Rule of Criminal Procedure 3.800(b) motion prior to raising the issue on appeal.

Federal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner has failed to comply with an independent and adequate state procedural rule. *Wainwright v. Sykes*, 433 U.S. 72, 85-86 (1977). "Federal habeas corpus review of a conviction entered on a guilty plea based on alleged constitutional infirmities in pretrial proceedings can be entertained when state law permits a defendant to appeal the results of such pretrial proceedings." *Carter v. Gladish*, Case No. 8:03-cv-1194-T-17TBM, 2005 WL 1712263, *9 (M.D. Fl . July 21, 2005) (citing *Lefkowitz v. Newsome*, 420 U.S. 283, 289 (1975)).

Pursuant to Florida law, a defendant who pleads guilty or nolo contendere without

preserving the right to contest court rulings that preceded the plea may appeal only issues which occur contemporaneously with entry of the plea. *Id.* (citing *Robinson v. State*, 373 So. 2d 898 (Fla. 1979)). In such cases, the following issues may be appealed: "1) the subject matter jurisdiction, 2) the illegality of the sentence, 3) the failure of the government to abide by the plea agreement, and 4) the voluntary and intelligent character of the plea." *Id.* (citing *Robinson*, 373 So. 2d at 902).

Moreover, Florida courts have held that "[a]s a general rule, a defendant waives any double jeopardy claim by entering a guilty or no contest plea." *T.C.E. v. State*, 965 So. 2d 338, 340 (Fla. 5th DCA 2007) (citing *Novaton v. State*, 634 So. 2d 607, 609 (Fla.1994)). "However, an exception to the general rule exists when (a) the plea is a general plea, (b) the double jeopardy violation is apparent from the record, and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation." *Id.*

In the instant case, Petitioner entered a plea of no contest to the 2006 VOP charge. (Doc. No. 16-1 at 95-99.) Petitioner indicated that no one forced him to enter the plea and that he understood the rights he was giving up by entering the plea. *Id.* Petitioner did not preserve the right to raise any issue on direct appeal. *Id.* Moreover, the alleged double jeopardy violation raised in claim two is not apparent from the record. Accordingly, this Court concludes that Petitioner has failed to establish the necessary showing as to claim two to excuse the state court procedural bar and he has not demonstrated the applicability

of either of the two exceptions to the procedural default bar.[1] *See, e.g., Spear v. Secretary, Dept. of Corrections,* 2006 WL 1281333, at *18 (M.D. Fl. 2006) (applying procedural bar to double jeopardy claim based on the petitioner's failure to preserve the issue prior to entering plea); *see also Carter v. Gladish*, 2005 WL 1712263, at *9 (M.D. Fl. 2005) (applying procedural bar to claims based on the petitioner's failure to preserve claims for appeal in state court).

Petitioner also did not object to his sentence based on a violation of the Ex Post Facto Clause, and he did not raise the claim in a Rule 3.800(b) motion. Pursuant to Florida law, "[t]o preserve error for appellate review, the general rule is a contemporaneous, specific objection must occur during trial at the time of the alleged error." *Jackson v. State*, 983 So. 2d 562, 568 (Fla. 2008) (quoting *Gore v. State*, 964 So. 2d 1257, 1265 (Fla. 2007)). This rule encompasses sentencing errors as well. *Id.* Nevertheless,

> [e]rrors that have not been preserved by contemporaneous objection can be considered on direct appeal only if the error is fundamental. . . .

---

[1]The Court further notes that "[t]he Eleventh Circuit has held that where a defendant freely, voluntarily, and accompanied by his attorney enters into a plea agreement whereby he pleads guilty or the equivalent, he waives the right to challenge the offenses on the basis of a double jeopardy objection." *Spear v. Secretary, Dept. of Corrections*, 2006 WL 1281333, at *18 (M.D. Fl. 2006) (citing *Dermota v. United States*, 895 F. 2d 1324 (11th Cir. 1990)). Thus, Petitioner waived the right to challenge his conviction on double jeopardy grounds by failing to preserve the ground for appeal upon entry of his plea agreement. Therefore, Petitioner fails to state a cognizable basis for federal habeas review. Moreover, Petitioner has not demonstrated that the state court's denial of claim two was contrary to, or an unreasonable application of, federal law.

> Fundamental error is "error which goes to the foundation of the case or goes to the merits of the cause of action." *Hopkins v. State*, 632 So. 2d 1372, 1374 (Fla. 1994) (quoting *Sanford v. Rubin*, 237 So. 2d 134, 137 (Fla. 1970)).

*Id.* Florida courts have held that an ex post facto violation is a fundamental error that may be addressed for the first time on appeal even though it was not objected to or raised in a Rule 3.800(b) motion in the trial court. *See, e.g., Calloway v. State*, 734 So. 2d 1079, 1080 (Fla. 1st DCA 1999); *see also Swinson v. State,* 588 So. 2d 296 (Fla. 5th DCA 1991) (ex post facto application of habitual offender act was fundamental error). Therefore, Petitioner was permitted to raise his ex post facto claim on direct appeal, and claim one is exhausted.

In claim one, Petitioner contends that his sentence resulted in an ex post facto violation because the law in effect at the time he was sentenced subjected him to a four-cell bump or increase in his sentencing range, whereas the law in effect at the time of the initial offenses, 1986, permitted only a one-cell increase for multiple violations of probation. Respondents do not address Petitioner's contention that a four-cell bump increase would result in an ex post facto violation. *See* Doc. No. 20 at 4-5. Instead, they argue that pursuant to the sentencing guidelines in effect in 1986, Petitioner was subject to a one-cell increase based on his violations of probation, which would have placed his recommended sentencing range at 17 to 22 years and his permitted sentencing range at 17 to 40 years. *Id.* As such, Respondents contend that no ex post facto violation occurred because Petitioner was sentenced to 40 years, which is within the permitted sentencing range. *Id.*

In 1986, Rule 3.701(d)(14) of the Florida Rules of Criminal Procedure provided:

> Sentences imposed after revocation of probation or community control must

10

> be in accordance with the guidelines. *The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.*

Fl. R. Crim. P. 3.701(d)(14) (1985) (emphasis added). Petitioner's score sheet reflected that he scored 431 points for a recommended guideline range of 17 to 22 years. *See* Fla. R. Crim. P. Rule 3.988(b)(1985). A one-cell bump in the guideline range increased the *recommended* guideline range to 22 to 27 years. *Id*. Thus, the state court could have sentenced Petitioner to 22 to 27 years under the law in effect in 1986, but Petitioner was sentenced to 40 years which was within the permitted range of 17 to 40 years in effect when Petitioner was sentenced in 2006.

Rule 3.988 of the Florida Rules of Criminal Procedure was amended effective July 1, 1988, to establish "the broader permitted sentencing ranges." *O'Keefe v. State*, 595 So. 2d 291, 292 n.1 (Fla. 5th DCA 1992) (citing § 921.0015, Fla. Stat. (1988 Supp.)). As such, Florida courts have determined that the permitted sentencing range is not applicable to offenses committed prior to July 1, 1988, and defendants whose offenses occurred prior to this time should be sentenced pursuant to the recommended range. *Id*. In fact, Florida courts have held

> that this portion of the 1988 amendment is a substantive change in the law, *Florida Rule of Criminal Procedure Re: Sentencing Guidelines*, 522 So. 2d 374 (Fla. 1988); and, therefore, *application of the amendment must be prospective only so as to avoid violating the constitutional prohibition against ex post facto laws*. Art. I § 10, Fla. Const.

*McCaskell v. State*, 542 So. 2d 461, 462 (Fla. 5th DCA Dist. 1989) (emphasis added).

11

Therefore, to the extent Respondents argue that Petitioner's sentence does not violate the Ex Post Facto Clause because he was sentenced within the permitted sentencing range, the Court finds that his sentence would violate the Ex Post Facto Clause pursuant to Florida law.  Accordingly, Respondents' argument is unavailing, and the question remains whether Petitioner's sentence, based on a four-cell increase as allowed by *Williams v. State*, 594 So. 2d 273 (Fla. 1992), resulted in an ex post facto violation because the law in effect when Petitioner was sentenced in 2006 subjected him to a four-cell bump in his sentencing range, whereas the law in effect at the time he committed the original offenses in 1986 permitted only a one-cell bump for multiple violations of probation.  As such, the Court concludes that additional briefing is required on Petitioner's ex post facto claim.  It is hereby **ORDERED** as follows:

    1.    Claim two of the habeas petition is denied as it is procedurally barred and otherwise without merit.

    2.    Within **TWENTY-ONE (21) DAYS** from the date of this Order, Respondents shall file a second supplemental response addressing the merits of claim one of the petition.

**DONE AND ORDERED** in Orlando, Florida, this 16th day of February, 2011.

                                               GREGORY A. PRESNELL
                                               UNITED STATES DISTRICT JUDGE

Copies to:
sc 2/16
Counsel of Record
Michael Lange