UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL A. LANGE,

    Petitioner,

v.                                              CASE NO. 6:09-cv-03-Orl-31KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 16).  Petitioner filed a reply to the response (Doc. No. 18), after which the Court directed Respondents to file a supplemental response, addressing the merits of Petitioner's claims.  (Doc. No. 19.)  Respondents filed a supplemental response (Doc. No. 20), and Petitioner filed a reply to the supplemental response (Doc. No. 23).

The Court subsequently denied one of Petitioner's claims (claim two) and directed Respondents to file a second supplemental response as to claim one.  (Doc. No. 25.) Thereafter, Respondents filed a Second Supplemental Response (Doc. No. 26) in accordance

with the Court's Order. Upon consideration of the petition and the various responses to the petition, the Court hereby grants habeas relief as to claim one of the petition.

I.  *Procedural History*[1]

Petitioner was charged by information in case number 86-CF-5005 with armed burglary of a dwelling, attempted sexual battery, and aggravated assault and in case number 86-CF-5131 with sexual battery, armed burglary of a dwelling, and second degree grand theft. Petitioner entered a plea of no contest as charged in both cases. The state trial court sentenced Petitioner to concurrent fifteen-year terms of imprisonment in both cases to be followed by fifteen years of probation. Petitioner completed his term of imprisonment and was released from prison.

Thereafter, Petitioner was charged with four separate violations of probation ('VOP"), and in 2006, he was charged a fifth time with violation of probation. Petitioner entered a plea of no contest to the violation of probation. The state court imposed a forty-year term of imprisonment to be followed by ten years of probation. Petitioner appealed.

While his appeal was pending, Petitioner filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentence. The state court granted Petitioner's Rule 3.800(b)(2) motion and amended his sentence by striking the probation portion of the sentence. The

---

[1]The following procedural history is taken from the Court's February 16, 2011, Order denying one of Petitioner's claims and directing further briefing on the remaining claim. (Doc. No. 25.) For clarity purposes, the Court reiterates the procedural history in the instant order.

Fifth District Court of Appeal of Florida subsequently affirmed Petitioner's conviction and sentence *per curiam*.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially

> indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## III.   *Analysis*

Petitioner alleges that his VOP sentence violates the *Ex Post Facto* Clause of the Constitution and his right to due process. On February 16, 2011, the Court determined that Petitioner exhausted claim one in the state court and directed Respondents to address the merits of Petitioner's claim. (Doc. No. 25 at 10.) In response, Respondents filed a second supplemental response in which they continue to argue that Petitioner failed to exhaust claim one in the state court, thereby precluding this Court from considering the claim on the merits. (Doc. No. 26 at 1-3.) In support of this argument, Respondents maintain that Petitioner failed to actually present his ex post facto claim to the state appellate court for review. *Id*. at 2. However, the record clearly establishes that Petitioner filed a pro se brief

on direct appeal in which he raised claim one as a federal constitutional issue. (Doc. No. 16-3 at 16-40.) As such, the Court again concludes that Petitioner exhausted this claim in the state court.

Respondents next contend that this claim is not cognizable on federal habeas review because it concerns the state court's interpretation of state sentencing law and does not present a federal constitutional issue. In claim one, Petitioner contends that his sentence resulted in an ex post facto violation because the law in effect at the time he was sentenced subjected him to a four-cell bump or increase in his sentencing range, whereas the law in effect at the time of the initial offenses, 1986, permitted only a one-cell increase for multiple violations of probation. In support of claim one, Petitioner relies *inter alia* on *Miller v. Florida*, 482 U.S. 423, 424-25 (1987), wherein the Supreme Court of the United States held that application of the sentencing guidelines in effect at the time of sentencing versus the guidelines in effect at the time of the offense resulted in a violation of the *Ex Post Facto* Clause. Furthermore, Petitioner relied on *Miller* in support of this claim in the state court. Petitioner did not, and does not, just couch his claim in terms of a federal violation, but he actually argues that application of the sentencing statutes in effect when he was sentenced for his VOP resulted in a violation of the *Ex Post Facto* Clause. Thus, the Court determines that Petitioner has raised a cognizable federal claim.

Turning to the merits of Petitioner's claim, Respondents concede that the *Ex Post Facto* Clause prohibits the application of the permitted sentencing range to sentences for offenses which occurred prior to July 1, 1988. (Doc. No. 26 at 7-8.) Respondents further

concede that Petitioner could not have been sentenced in the permitted sentencing range because his offenses were committed in 1986, prior to July 1, 1988.[2] *Id*. Although Respondents in effect concede the merits of Petitioner's claim, they reiterate their belief that the claim is not exhausted and that Petitioner should present his claim in a Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence in the state court. *Id*. at 8. In light of Respondents' concession and this Court's determination that Petitioner raised this claim on direct appeal in the state appellate court as a federal constitutional issue, the Court hereby grants Petitioner habeas relief as to claim one of the petition. Accordingly, it is **ORDERED and ADJUDGED** as follows:

    1.    The Petition for Writ of Habeas Corpus filed by Michael A. Lange (Doc. No. 1) is **GRANTED in part and DENIED in part**.

    2.    The Court determines that claim two is without merit and that habeas relief is **DENIED with prejudice** with regard to this claim.

---

[2]Rule 3.988 of the Florida Rules of Criminal Procedure was amended effective July 1, 1988, to establish "the broader permitted sentencing ranges." *O'Keefe v. State*, 595 So. 2d 291, 292 n.1 (Fla. 5th DCA 1992) (citing § 921.0015, Fla. Stat. (1988 Supp.)). As such, Florida courts have determined that the permitted sentencing range is not applicable to offenses committed prior to July 1, 1988, and defendants whose offenses occurred prior to this time should be sentenced pursuant to the recommended range. *Id*. In fact, Florida courts have held

> that this portion of the 1988 amendment is a substantive change in the law, *Florida Rule of Criminal Procedure Re: Sentencing Guidelines*, 522 So. 2d 374 (Fla. 1988); and, therefore, *application of the amendment must be prospective only so as to avoid violating the constitutional prohibition against ex post facto laws.* Art. I § 10, Fla. Const.

*McCaskell v. State*, 542 So. 2d 461, 462 (Fla. 5th DCA 1989) (emphasis added).

  3. The writ of habeas corpus will be conditionally **GRANTED** with regard to claim one, for the reasons discussed above, within **NINETY (90) DAYS** from the date of this Order, unless the State of Florida initiates new sentencing proceedings in state court consistent with the law.

  4. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

  **DONE AND ORDERED** in Orlando, Florida, this 28th day of March, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 3/28
Counsel of Record
Michael Lange